IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

AURORA HEALTH CARE, INC.
and ERMED, S.C.,

    Plaintiffs and Counterclaim
    Defendants,

v.

CODONIX, INC.,

    Defendant, Counterclaimant,
    and Third-Party Plaintiff,

v.

HARTFORD FIRE INSURANCE COMPANY,

    Third-Party Defendant.

Civ. No. 03-C-0612

**PROTECTIVE ORDER**

THIS CAUSE came on for consideration of the stipulation of the parties, and the Court having reviewed the record, it is hereby

ORDERED AND ADJUDGED, as follows:

1. The parties have shown good cause based on the representations above for entry of a protective order pursuant to Local Rule 26.4, supplemented by the terms of this Order.

2. For purposes of this Order, the phrase "Attorneys' Eyes Only Information shall mean and refer to any documents, testimony or other information so designated in good faith by the party or other person producing the information. Attorneys Eyes Only Information shall be limited to information describing, disclosing or comprising computer source code,

computer software design and development specifications, software licensing and associated fees, pricing or margin information that is not generally known to competitors, information that any party or person is contractually obligated to protect against competitive disclosure, trade secrets, and other analogous competitively sensitive information.

3. Attorneys' Eyes Only Information shall only be disclosed to the persons and under the circumstances described herein.

4. The substance or content of Attorneys' Eyes Only Information shall not be disclosed to anyone other than counsel of record of the parties to this litigation, their staff, and independent experts and consultants retained by a party for this litigation. Prior to the disclosure of Attorneys' Eyes Only information to any expert or consultant, that person must execute an acknowledgement in substantially the form attached hereto as Exhibit A. Attorneys' Eyes Only Information is to be used solely for the purpose of this case.

5. In the event Attorneys' Eyes Only Information is inadvertently disclosed by an appropriately designated attorney or expert notwithstanding the exercise of the same degree of care as the disclosing party takes to preserve and safeguard its own Attorneys' Eyes Only Information, such inadvertent disclosure shall not constitute a violation of this Order or otherwise affect the confidentiality of other properly designated Attorneys' Eyes Only Information. In addition, such inadvertent disclosure by an appropriately designated attorney or expert in the case of Attorneys' Eyes Only Information shall not affect the confidentiality of the information disclosed.

6. Nothing in this Order shall prevent or inhibit the disclosure or production by a party of any documents, information or testimony, whether or not the documents,

information or testimony are Attorneys' Eyes Only within the meaning of this Order, that it is required by law to disclose or produce to the other party, subject to the terms of this Order.

7. Each deposition transcript page or portion thereof, each answer to an interrogatory or request for admissions or portions thereof, each document produced or portion thereof and any other information constituting Attorneys' Eyes Only Information within the meaning of this Order shall be so identified and, where appropriate, marked prominently by the disclosing party or person with the following legend: "Attorneys' Eyes Only." Such identification or marking shall be made at the time when the answer to the interrogatory or request for admission is served, when documents are produced, or when an answer in a deposition is given, provided that if a disclosing party inadvertently produces a document containing or constituting Attorneys' Eyes Only Information without the aforesaid legend, it shall have 30 days after disclosure to request the other party to so mark the document at which time the document shall be treated as an Attorneys' Eyes Only document pursuant to the terms of the Order. Unless the disclosing party or person complies with this paragraph, its claim for Attorneys' Eyes Only protection will be waived.

8. Any party may, at any time, give written notice to a producing party or person that the party challenges the request for Attorney's Eyes Only protection. If the parties cannot resolve their dispute amicably, then any party or person may file a motion seeking an Order of the Court with respect to the material in question. The challenging party shall continue to hold the document or other information as Attorneys' Eyes Only until the Court rules on the material in question. The party or person claiming the Attorneys' Eyes Only protection shall in all cases bear the customary burden of demonstrating the need for the protection.

9. In the event that any third party objects or claims that discovery sought in connection with this litigation would require the production of "Attorneys' Eyes Only Information," such third party may designate such information and/or documents as "Attorneys' Eyes Only Information" under the terms of this Supplemental Confidentiality Order. In the event that any party challenges the designations, the provisions of paragraph 7 above shall apply.

10. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be Attorneys' Eyes Only Information, these papers or any portion thereof shall be filed under seal by the filing Party with the Clerk of the Court in an envelope marked "SEALED." A reference to this Supplemental Confidentiality Order should also be made on the envelope.

11. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or person affected by this Order to apply to the Court for such direction, order or further decree as may be appropriate for the construction, modification, enforcement or compliance herewith or for the punishment of any violation hereof, or for such additional relief as may become necessary to realize the intentions of this Order.

12. Attorneys' Eyes Only Information may be shown to a deponent only if the deponent is employed by the party or person that produced the information, is among the persons to whom disclosure is permitted under paragraph 3, or is a person who, independent of this litigation, has been exposed to the Attorneys' Eyes Only Information (e.g., because he or she is the author, addressee or a signatory to the document in question). To the extent that a party has a need to use a document containing Attorneys' Eyes Only Information with any other non-party deponent, that party shall first confer with the producing party to determine some method, such as redaction of the document, by which it can be used without disclosing Attorneys' Eyes Only Information. If the matter cannot be resolved amicably, the parties shall proceed in accordance with Paragraph 7 of this Order. Only counsel of record for a party may be present during those portions of depositions relating to Attorneys' Eyes Only Information. A reporter recording any Attorneys' Eyes Only Information or incorporating into a transcript any document containing Attorneys' Eyes Only Information shall transmit such transcript only to counsel of record for the parties. Any such transcript shall not be filed with the Clerk of this Court, except under Seal.

13. Maintenance of the Attorneys Eyes Only status of any information shall in all cases be subject to further Order of the Court and nothing herein shall preclude any party from applying to the Court for any appropriate modification of this Order; provided, however, that prior to such application, the parties shall certify in writing that they have endeavored unsuccessfully to resolve the matter.

14. This Order shall govern pretrial proceedings. The handling of Attorneys' Eyes Only Information at trial may be governed by a later Order of the Court.

15. Upon termination of this action, the Clerk shall return all documents containing Attorneys' Eyes Only Information in the court file to counsel for the party who filed such Attorneys' Eyes Only Information. Further, upon termination of this action, all documents

containing Attorneys' Eyes Only Information and any copies thereof in the possession of any other person shall either be returned to counsel for the party or person who provided such Attorneys' Eyes Only Information, or shall be destroyed and the destruction certified to the party or person who provided the information.

16. The parties and any other producing person agree to be bound by the terms of this Order pending entry of this Order (or an alternative thereto that is satisfactory to all Parties) by the Court, and any violation of its terms shall be subject to the same remedies as if it had been entered by the Court. The remedies available for any violation of the terms of this Order shall include money damages, preliminary or final injunctive or other equitable relief, sanctions, contempt of court, or such other or additional relief as the Court deems just.

17. Any member of the public may challenge any of the provisions of this Order by filing an appropriate motion with the Court and serving a copy of the motion and any supporting papers on each of the parties to this stipulation through their above listed counsel of record. Any party or person claiming the protection of this Order shall in all cases bear the customary burden of demonstrating the need for the protection.

**SO ORDERED**

Dated this 18th day of July, 2005.

        **BY THE COURT:**

        **s/ Rudolph T. Randa**
        **Hon. Rudolph T. Randa**
        **Chief Judge**