# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AURORA HEALTH CARE, INC.
and ERMED, S.C.,

                              **Plaintiffs,**

       v.                                                          Case No. 03-C-612

**CODONIX, INC.,**

                              **Defendant.**

# DECISION AND ORDER

On June 2, 2006, this Court granted, in part, CodoniX, Inc.'s ("CodoniX") motion for partial summary judgment, holding that the Plaintiffs could not recover consequential damages, including damages for lost profits. The Plaintiffs, Aurora Health Care, Inc. ("Aurora") and ERMED, S.C. ("ERMED"), subsequently filed a motion for reconsideration. They argue that the Court did not consider whether Section 10.1 of the Product Licensing Agreement ("Agreement") failed of its essential purpose, and they further contend that if the Court were to consider that issue, then the Court would be compelled to vacate its Decision and deny CodoniX's motion for partial summary judgment.

Section 10.1 of the Agreement states, in relevant part:

EXCEPT AS MAY OTHERWISE BE SET FORTH HEREIN, IN NO EVENT WILL EITHER PARTY BE LIABLE FOR ANY CONSEQUENTIAL, INDIRECT, SPECIAL OR INCIDENTAL DAMAGES, WHETHER OR NOT SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

(Lucey Aff. ¶ 4, Ex. C, p. 11.) (emphasis in original.) Despite the plain language of Section 10.1 that precludes the Plaintiffs from recovering consequential damages, they argue that they can recover such damages because Section 10.1 fails of its essential purpose. It fails of its essential purpose, according to the Plaintiffs, because CodoniX did not obtain insurance coverage required by Section 8.1.2 of the Agreement. Section 8.1.2 required CodoniX to obtain "[c]ommercial general liability insurance with limits of not less than two million dollars ($2,000,000) combined single limit for bodily injury, death, and property damage, including . . . contractual liability . . . coverage." The Hartford Spectrum Business Insurance Policy ("Policy") indicates that CodoniX obtained the required contractual liability coverage. (Boles Aff. II ¶ 2, Ex. 1.)

In support of its motion for reconsideration, the Plaintiffs contend that the Policy does not demonstrate that CodoniX had contractual liability coverage because an "X" does not appear next to the entry for "Contractual Liability" in the Policy. The Plaintiff's contention is without merit. On page 11 of the Policy, an "X" appears next to the entry "Comprehensive Business Liability" which explicitly includes "Contractual Liability." (*Id.* at p. 11.)[1]

---

[1] The Policy includes an "Extension Schedule of Underlying Insurance Policies" on page 11. On this page is a list of various coverages. Near the bottom of the page, it states: "An 'X' marked in the box indicates the coverage is provided in the Underlying Policies." (Boles Aff. II ¶ 2, Ex. 1, p. 11.) There is an "X" marked in the box next to "Comprehensive Business Liability – including . . . ." (*Id.*) Below the word "including" are six coverages that do not have a box next to them. One of those coverages is "Contractual Liability."

Another coverage listed below "Comprehensive Business Liability" is "Damages to Premises Rented to You." Like "Contractual Liability," the coverage "Damages to Premises Rented to You" does not have a box or an "X" next to it. Nevertheless, "Damages to Premises Rented to You" is mentioned earlier in the Policy as a coverage that CodoniX owns. (*Id.* at p. 9.) This further demonstrates that the coverages listed below "Comprehensive Business Liability" are included in the Policy.

Nevertheless, the Plaintiffs also argue that CodoniX was obliged to obtain coverage not mentioned in the Agreement, specifically, errors-and-omissions ("E & O") coverage. The Plaintiffs' contention is based on the deposition testimony of the President of CodoniX, William Boles. The Plaintiffs contend that, in his deposition, Boles acknowledged that Section 8.1.2 bound CodoniX to purchase E & O coverage.

The Plaintiffs' argument is deficient for two reasons. First, the Plaintiffs are attempting to expand the contract beyond its written word. Under Wisconsin law, the Court can only consider extrinsic evidence when the terms of the contract are ambiguous. *See Farm Credit Servs. of N. Cent. Wis., ACA v. Wysocki*, 243 Wis.2d 305, 313 (2001). Section 8.1.2 in unambiguous. It required CodoniX to obtain "contractual liability" coverage, which is precisely what CodoniX purchased. Because Section 8.1.2 is unambiguous, this Court cannot consider extrinsic evidence that implies that CodoniX somehow was obliged to obtain additional coverage not mentioned in the Agreement.

Yet, even if this Court were to consider the deposition testimony of Boles to interpret Section 8.1.2, his testimony does not even support the Plaintiffs' position. Boles did not acknowledge that he understood Section 8.1.2 to bind CodoniX to purchase additional E & O coverage. Rather, he said he submitted an application for E & O coverage "[a]s part of our business practices and part of out obligations to our shareholders . . . ." (Lucey Aff. ¶ 7, Ex. F, p. 180.) The Plaintiffs' interpretation of Boles' testimony is strained, at best.

Section 10.1 plainly prohibits recovery of consequential damages, and CodoniX obtained the insurance coverage required by Section 8.1.2. Therefore, Section 10.1 did not

3

fail of its essential purpose, and the Court affirms its decision to grant CodoniX's motion for partial summary judgment.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Aurora's Motion for Reconsideration (Docket No. 110) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of July, 2006.

                                        **BY THE COURT:**

                                        **s/Rudolph T. Randa**
                                        **HON. RUDOLPH T. RANDA**
                                        **Chief Judge**